BERTHA PLOTNICK, Respondent, *v.* SAMUEL PLOTNICK, Appellant.

First Department, November 22, 1918.

Order of arrest — intent to depart from State — sufficiency of affidavit on information and belief — failure to state source of information — allegation as to " conversation "— inferences.

An affidavit containing an allegation upon information and belief that the defendant was about to depart from the State and had no present intention of returning, in consequence of which the plaintiff would lose her right to enforce a judgment of the court for the payment of alimony, in which the only source of information stated was " from conversations that she has had with friends and acquaintances of the defendant, who are personally known to the deponent, and from women with whom the defendant associates and talks she has had with the defendant's sister within the last two days," is insufficient to authorize the granting of an order of arrest, especially where it appears that the judgment was entered June

25, 1917, that the plaintiff had made personal demands upon the defendant for the payment of alimony and that he was still amenable to process on September 27, 1918.

An allegation of a " conversation " between the deponent and third persons, when there is no statement of the substance of what was said, supplies no proof from which any fact can be found or inference drawn.

While it is not necessary to produce the affidavits of the alleged informants at least the substance of what was said should be stated.

An intent to depart from the State cannot be inferred from the fact that the plaintiff has never resorted to contempt proceedings to compel payment of alimony.

APPEAL by the defendant, Samuel Plotnick, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of October, 1918, denying his motion to vacate an order of arrest upon the insufficiency of the moving affidavit.

*Simon M. Platt*, for the appellant.

*Tobias A. Keppler*, for the respondent.

SHEARN, J.:

The ground of the order of arrest was an allegation upon information and belief that the defendant was about to depart from the State and had no present intention of returning, in consequence of which the plaintiff would lose her right to enforce a judgment of the court for the payment of alimony, The source of information stated is as follows: " from conversations that she has had with friends and acquaintances of the defendant, who are personally known to the deponent. and from women with whom the defendant associates and talks she has had with the defendant's sister within the last two days." An allegation of a " conversation " between the deponent and third persons, when there is no statement whatever of the substance of what was said, supplies no proof from which any fact can be found or inference drawn. While it was not necessary to produce the affidavits of the alleged informants, at least the substance of what was said should have been stated, so that the court might conclude whether an inference of intention to depart from the State might be properly drawn. It is for the court to draw the inference and not the plaintiff.

Furthermore, this affidavit not only fails to disclose the

grounds of belief but does not identify the source of the information, except in the case of defendant's sister, and, in her case, not only is there an omission to state what she said but we have the affidavit of the sister showing that she had never had any conversation with the plaintiff.

Plaintiff asks the court to infer an intent to depart from the State from the fact that the plaintiff has never resorted to contempt proceedings to compel payment of alimony. We are asked to infer from this that the defendant was secreting himself and then to infer from this that he intended to depart from the State, an inference upon inference. Of course the court will not do this. Moreover, the inference to be drawn from the papers is that the defendant has not secreted himself, for it appears that the judgment was entered June 25, 1917, that the plaintiff had made personal demands upon the defendant for the payment of alimony, and that the defendant was still sojourning in New York amenable to the process of the court as late as September 27, 1918. It thus appears that the defendant has been incarcerated upon papers containing no proof whatever of any intent to flee the jurisdiction.

The order should be reversed and the motion granted.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Order reversed and motion granted.